IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD STOCKTON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:24-CV-38 |
| **LIEUTENANT LOWE, et al,** | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

Plaintiff, acting pro se, initiated this action by filing a motion seeking leave to proceed in forma pauperis on February 13, 2024. By Order dated October 6, 2025, Plaintiff was directed to either (1) file an amended motion for leave to proceed in forma pauperis showing imminent danger OR (2) pay the full filing fee by November 6, 2025. ECF No. 36. A copy of this Order was mailed to Plaintiff at his address of record at SCI Fayette.

On October 22, 2025, Plaintiff's mail, specifically the above mentioned order, was returned to this Court indicating that it was not deliverable. It is Plaintiff's ongoing obligation to provide this Court with his current address. However, on October 22, 2025, the order was remailed to Plaintiff at SCI Camp Hill after consultation with the Inmate Locator. That mail has been returned as undeliverable.

As of today's date, Plaintiff has not filed an amended motion seeking leave to proceed in forma pauperis nor has he paid the filing fee.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) *quoting Poulis v. State Farm Fire & Casualty Co.,* 747

1

F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.*, *quoting Poulis*, 747 F.2d at 868.

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. The Court ordered Mr. Stockton to pay the filing fee or file an amended motion seeking in forma pauperis status by November 6, 2025. The Order has been re-mailed to him both at his address of record and at an additional address listed in the Inmate Locator. He has not complied with the Order, nor has he updated his address with this Court.

Mr. Stockton is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of his claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate with parties like Mr. Stockton who is incarcerated and who professes to be indigent. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). This Court finds that these two *Poulis* factors weigh in favor of dismissal based on Mr. Stockton's failure to prosecute.

The meritoriousness of Mr. Stockton's claims is a neutral factor in the *Poulis* analysis. In this case, the fifth of twenty-four cases he filed in this Court last year, he brings claims of "conspiracy to retaliate; defamation of character; fraud; cruel and unusual punishment; [and] failure to protect." ECF No. 11, p. 2. He alleges that he was issued false misconducts for threatening prison staff and possession of contraband, had his cell intentionally flooded, was provided with a tainted meal, had his mail withheld, faced cell searches and had his personal

property confiscated. Id. He has named ten Department of Corrections employees as Defendants and seeks millions of dollars in damages as well as injunctive relief. Although it is possible that these allegations could state a claim upon which relief could ultimately be granted, the merits of the claims are impossible to determine at this stage of the proceedings (based solely on his pro se complaint) and so this factor is neutral. The other two *Poulis* factors (the history of dilatoriness and whether the conduct was willful or in bad faith) are also neutral as this case is in its infancy procedurally[1] and there is no basis upon which to make any such findings.

So then, two of the six *Poulis* factors weigh in favor of dismissal, while four of the six are neutral. None of the factors weigh against dismissal. Not all of the six *Poulis* factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Mr. Stockton's resolution of the filing fee, the case cannot proceed. Accordingly, this case is dismissed due to his failure to prosecute and the Clerk of Court is directed to close this case.

s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States District Judge

Dated: December 9, 2025

---

[1] This case remains in its infancy procedurally for a variety of reasons, despite being initiated over eighteen months ago.